## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

George Lee Odemns III
68 Galveston St., S.W.
#102
Washington DC 200032

Case: 1:16–cv–01936  Jury Demand
Assigned To : Unassigned
Assign. Date : 9/29/2016
Description: Pro Se Gen. Civil (F Deck)

VS.

Civil Action NO.

(28 U.S. Code § 1332 - Diversity of citizenship)

(Article VI, Clause 2- Supremacy Clause)

(Fifth & Fourteen Amendments-Due Process-

**Trump Organization Etal.,**

Clause) (Quasi-Criminal Proceeding) (Quantum

**725 Fifth Avenue**

Meruit) Jury Demanded

**New York, NY 10022**

**Donald John Trump**

**725 Fifth Avenue**

**New York, NY 10022**

**TRUMP HOTELS & CASINO RESORTS HOLDINGS LP**

**2500 BOARDWALK**

**ATLANTIC CITY, NEW JERSEY**

**Donald J. Trump for President, Inc.**

**725 Fifth Avenue**

**New York, NY 10022**

**And DOES 1-85,100 [sic]**

# RECEIVED

### JUN 2 8 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

*1*

725 Fifth Avenue

New York, NY 10022

### Complaint

This is an action for Breach of Contract, Quantum Meruit, a Quasi Criminal Proceeding and related claims arising: under the Constitution for the United States of America, as lawfully amended ("U.S. Constitution"), specifically Article I, Section 8, Clause 8 (hereinafter "1:8:8"); (Article VI, Clause 2) Supremacy Clause) Fifth and the Fourteen Amendment under the laws of the United States, specifically the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.;  specifically Trademark Counterfeiting Act of 1984, the federal criminal Code at 17 U.S.C. 506(a)(1)(A) and (b), 18 U.S.C. §§ 241, 242, 246, 371, 1581(a), 1584(a), 1589(a)(1)(4)(b) and (d), 1590(a) (b), 1593A,  2319, 2323(a)(1)(A) and (C) 2511(1)(a)(b)(i)(iii)(iv)(A)(B)(v)(c)(d)(4)(a)(i);  the Lanham Act, 15 U.S.C. §§ 1051 et seq. (uncodified);  and under the treaties of the United States, specifically the Universal Declaration of Human Rights ("Declaration") and the International Covenant on Civil and Political Rights ("Covenant"), the latter enacted with explicit reservations (both here as "Human Rights Treaties").

### JURISDICTION

This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 (i.e. federal question), 1338(a) (i.e. copyrights), and 1338(b) (i.e. unfair competition); 15 U.S.C. 1121 (i.e. Lanham Act, uncodified);  18 U.S.C. 3231 (i.e. DCUS criminal jurisdiction);  and 18 U.S.C. §§ 1512(g), and 1513(d) (i.e. extraterritorial Federal jurisdiction, crimes against Federal Witnesses).

See also 28 U.S.C. 1331 supra, in pari materia with the Arising Under Clause at Article III, Section 2, Clause 1 ("3:2:1") and with the Supremacy Clause ("6:2"), i.e. Constitution, Laws and Treaties. The latter two clauses mirror each other in respect to these matters.

**VENUE**

Venue is proper in this judicial district under 28 U.S.C. sections 1391(b)(2)(c)(2) and 1400(a) and (b).

**PARTIES**

Come now III Odemns, George Lee, Sui Juris, Citizen of Washington, District of Columbia, Federalist City (Hereinafter "Plaintiff"), is the sole author without exceptions for the said alleged above defendant(s) and total assets that all affects interstate and foreign commerce and still continue to do so.

Plaintiff Mr. George Lee Odemns III 'dba' (See e.g. Washington DC Fictitious Name Act) GEORGE ODEMNS, GO!, GO3, GO, G, O, LG, GLO, OLG, OGL, III.O.G., OG, 36, 63, 9, 6, X, George3, 3George, YO!, Yubie, MO!, etc., and is the unlicensed Independent Contractor and the owner of the Electronic Agent who is a individual who is domiciled in the Federalist City of Washington, District of Columbia with its principal place of business at725 Fifth Avenue New York, NY 10022.

The plaintiff "True Names," is duly unregistered with the Washington DC Secretary of State to do business as a foreign corporation in United States who affect interstate and

foreign commerce and still continue to do so. (See e.g. Washington DC-Fictitious Name
Act)

Plaintiff is informed and believes, and on that basis alleges that:

Defendant Trump Organization (Hereinafter "Defendant") which is the principal holding
company for his real estate ventures and other business interests in which is an entity
domiciled in the State of New York, with its principal place of business at 725 Fifth Avenue
New York, NY 10022.

Trump Organization is duly registered with the Delaware Secretary of State to do business
as a foreign corporation in United States who affect interstate and foreign commerce and
still continue to do so.

Defendant Donald John Trump (Hereinafter "Defendant") is the One Hundred percent
Owner of the Trump Organization who is a person domiciled in the State of New York,
with its principal place of business at 725 Fifth Avenue New York, NY 10022

Donald John Trump is duly registered with the Delaware Secretary of State to do business
as a foreign corporation in United States who affect interstate and foreign commerce and
still continue to do so.

Defendant TRUMP HOTELS & CASINO RESORTS, INC. ("THCR") (Hereinafter
"Defendant") is a subsidiary of the Icahn Enterprises L.P. who is an entity domiciled in the
State of New Jersey, with its principal place of business at 1000 Boardwalk, Atlantic City,
NJ 08401

TRUMP HOTELS & CASINO RESORTS, INC. ("THCR") is duly registered with the Delaware Secretary of State to do business as a foreign corporation in United States who affect interstate and foreign commerce and still continue to do so.

Defendant Donald J. Trump for President, Inc. (Hereinafter "Defendant") is the One Hundred percent Owner of the Trump Organization et al., and campaign who is a person domiciled in the State of New York, with its principal place of business at 725 Fifth Avenue New York, NY 10022

Donald J. Trump for President, Inc. is duly registered with the Federal Election Committee to run for U.S. President in United States who stills affect interstate and foreign commerce and continue to do so.

Defendant DOES 1-85,100 (Hereinafter "Defendants") are the personnel of the alleged defendants and who are on the alleged defendant's legal payroll are now presently unnamed Party(s) whose identity(s) are yet to be formally discovered.

Defendant(s) DOES 1-85,100 are now, and were at all times relevant to matters alleged herein who are foreign citizens and citizens of United States who all affects interstate and foreign commerce and still continue to do so.

1. I the alleged plaintiff Mr. George Lee Odemns III that are set forth fully hereinafter have been allegedly electronically transacting services with the said alleged defendants electronic agent(s) including but not limited to the (International

Material Data System) IDMS (Hereinafter),  (Content management system) CMS (Hereinafter) and other systems originally of the said alleged defendants through electronic and oral transaction(s) with the said alleged defendants communications satellite(s) "COMSAT" (Hereinafter) since birth of the plaintiff and/or entity while all being outside the legally registered entities to the said alleged defendant(s) that are also set forth fully hereinafter Trump Organization Et al., including its total assets, Affiliates, Partners, and/or subcontracted and U.S. Presidential Campaign.

2. The plaintiff also is the sole author without exceptions that electronically transact with the defendant for the U.S. Presidential Campaign in which are official publications that affect interstate and foreign commerce and still continue to do so.

3.  The plaintiff services that was acquired by the alleged defendants all became official publications, properties, product(s), merchandise, services, proprietary rights, and etc., that all affects interstate and foreign commerce and still continue to do so.

4. The said alleged Plaintiff wasn't employed (IRS Determination) with the said alleged defendant(s) and still even today the alleged Plaintiff continues to electronically transact the same subject material in which the alleged defendants have ownership or possession of and it all affects interstate also foreign commerce. (1980-current) (See e.g. 17 USC 101 (Corporate Authorship Provider)) and (See e.g. 17 U.S.C. 506(a)(1)(A) and 18 USC 1581(a) Peonage)

5. The said alleged defendant(s) have sold asset(s) while the said alleged plaintiff was still conducting electronically transactions through the same computer program and/or software that the alleged defendant(s) sold and didn't dismantle the alleged

computer software and/or program before selling nor after in which affected interstate and foreign commerce and still continue to do so.

6. The subject material by the alleged plaintiff was acquired by the alleged defendant electronically and through transactions orally along with the aide of audiovisuals through the said alleged defendant partners, employees, directors, officers,  and/or affiliates Licensed "COMSAT," and electronic agent(s).

7. Some of the services that was provided from the plaintiff was copyrighted work and audiovisual works of the alleged Plaintiff that was created with other clients before the date of deposit by said defendant(s) in which the alleged plaintiff had solely electronically author with other organization(s) in "Mass Digital Media," and other industries through the same electronic means by the plaintiff with the said alleged defendants in which affects interstate and foreign commerce and still continue to do so.

8. The alleged Plaintiff transact orally and electronically with an International Business Machines "IBM" (Hereinafter) that was invented by Nomiyama; Hiroshi (Kawasaki, JP) that it is also legally registered under the Plaintiff pen name GO! in which the "IBM" automatically legally registers the U.S. Copyright Office, and U.S. Trademark & Patent Office for the alleged defendants who also has possession of the "IBM" and/or software throughout its global entities.

9. (See e.g. U.S. Trademark and Patent for the alleged plaintiff mark(s) and patents by said plaintiff registered legal client(s) and/or in which is also registered by the said alleged clients: (See e.g. In re E.I. du Pont de Nemours & Co., 476 F.2d 1357, 177

USPQ 563 (CCPA 1973), and (See e.g. Paris Convention for the Protection of Industrial Property)

10. See e.g. Below: Registered Live Trademark(s)

12. Start | List At: | OR | Jump | to record:   189986 **Records(s) found**
13.   **(This page: 1 ~ 100)**

Refine Search   (III OG)[ALL] or (George Lee Odemns III)[   Submit

Current Search:   **(III OG)[ALL] or (George Lee Odemns III)[ALL]**   docs: 189986 occ: 266461

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 87081060 | | IPUCK | TSDR | LIVE |
| 2 | 87080931 | | FETCH | TSDR | LIVE |
| 3 | 87080902 | | ITCHPLACE | TSDR | LIVE |
| 4 | 87080737 | | STOPITCH | TSDR | LIVE |
| 5 | 87080721 | | ITCHSPACE | TSDR | LIVE |
| 6 | 87080710 | | IITCH | TSDR | LIVE |
| 7 | 87080682 | | MYITCH | TSDR | LIVE |
| 8 | 87080656 | | MANE ATTRACTION | TSDR | LIVE |
| 9 | 87080633 | | BEAU CHAVEL | TSDR | LIVE |
| 10 | 87080537 | | CHERRY BOMB SALUTE | TSDR | LIVE |
| 11 | 87080530 | | PLAYSTATION TV | TSDR | LIVE |
| 12 | 87080510 | | CHERRY BOMB M-80 | TSDR | LIVE |

| | | | | |
|---|---|---|---|---|
| 13 | 87080464 | TALON ANCHOR | TSDR | LIVE |
| 14 | 87080421 | | TSDR | LIVE |
| 15 | 87080410 | EMCOR | TSDR | LIVE |
| 16 | 87080404 | THE CATALYST A JOURNAL OF IDEAS FROM THE BUSH INSTITUTE | TSDR | LIVE |
| 17 | 87080397 | GO | TSDR | LIVE |
| 18 | 87080390 | PERPETIUM | TSDR | LIVE |
| 19 | 87080385 | EMCOR | TSDR | LIVE |
| 20 | 87080384 | COMPLIABILITY | TSDR | LIVE |
| 21 | 87080381 | GO | TSDR | LIVE |
| 22 | 87080379 | ZORBIUM | TSDR | LIVE |
| 23 | 87080375 | SORBICITY | TSDR | LIVE |
| 24 | 87080371 | RHEVOW | TSDR | LIVE |
| 25 | 87080365 | APTILIGY | TSDR | LIVE |
| 26 | 87080353 | FLASHTEC | TSDR | LIVE |
| 27 | 87080258 | WHITE BISON | TSDR | LIVE |
| 28 | 87080121 | RAPHAEL ROZEN | TSDR | LIVE |
| 29 | 87080073 | M | TSDR | LIVE |
| 30 | 87079993 | WHALE OF A TIME NANTUCKET | TSDR | LIVE |
| 31 | 87079983 | WHALE OF A TIME NANTUCKET | TSDR | LIVE |
| 32 | 87079975 | EDEN COUPLES | TSDR | LIVE |
| 33 | 87079853 | | TSDR | LIVE |
| 34 | 87079851 | YOUBAT | TSDR | LIVE |
| 35 | 87079726 | MODERN PEOPLES | TSDR | LIVE |

| 36 | 87079581 | SNA SPORT NUTRITION OF AMERICA | TSDR | LIVE |
|----|----------|--------------------------------|------|------|
| 37 | 87078191 | MANGROVE WILDERNESS TOUR | TSDR | LIVE |
| 38 | 87078190 | EVERGLADES NATIONAL PARK BOAT TOURS INC. | TSDR | LIVE |
| 39 | 87041852 | FREDDIE LEE'S AMERICAN GOURMET SAUCE | TSDR | LIVE |
| 40 | 87026338 | STYLASH | TSDR | LIVE |
| 41 | 87017675 | SAPRESIN | TSDR | LIVE |
| 42 | 87079553 | A KISS 4 U | TSDR | LIVE |
| 43 | 87079549 | HERSHEY'S SYRUP | TSDR | LIVE |
| 44 | 87079419 | EDENPLAST | TSDR | LIVE |
| 45 | 87079404 | | TSDR | LIVE |
| 46 | 87079386 | FOLLICOOL | TSDR | LIVE |
| 47 | 87079358 | I CAN DO ALL THINGS | TSDR | LIVE |
| 48 | 87079312 | VITALUS | TSDR | LIVE |
| 49 | 87079268 | AZENJA | TSDR | LIVE |
| 50 | 87079255 | HERITAGE FINANCIAL SERVICES | TSDR | LIVE |
| 51 | 87079247 | YESOZUL | TSDR | LIVE |
| 52 | 87079232 | GEORGE LOPEZ | TSDR | LIVE |
| 53 | 87079218 | GEORGE LOPEZ | TSDR | LIVE |
| 54 | 87079212 | ASPERZUL | TSDR | LIVE |
| 55 | 87078813 | | TSDR | LIVE |
| 56 | 87078737 | VIBRAPEP | TSDR | LIVE |
| 57 | 87078715 | LAS JILGUERILLAS | TSDR | LIVE |
| 58 | 87078654 | SPD PRO | TSDR | LIVE |

| 59 | 87078651 | WORLD TRADE CITY | TSDR | LIVE |
| 60 | 87078623 | VNTY | TSDR | LIVE |
| 61 | 87078573 | THE ORIGINAL LAWN FURNITURE | TSDR | LIVE |
| 62 | 87078420 | BALCONES RUMBLE | TSDR | LIVE |
| 63 | 87078409 | | TSDR | LIVE |
| 64 | 87078378 | | TSDR | LIVE |
| 65 | 87078346 | GEOTYPING | TSDR | LIVE |
| 66 | 87078337 | SHERO | TSDR | LIVE |
| 67 | 87077984 | GIVE OUT THE CANDIES THEY SCREAM FOR | TSDR | LIVE |
| 68 | 87077980 | ARCTIC GRAPE | TSDR | LIVE |
| 69 | 87077948 | SKUNKY SQUIRREL GET OFF MY NUTS!!! | TSDR | LIVE |
| 70 | 87077942 | BMXLIFE | TSDR | LIVE |
| 71 | 87077892 | MM MIRA MADISON | TSDR | LIVE |
| 72 | 87077874 | OG KUSH STORY | TSDR | LIVE |
| 73 | 87077873 | MARBLE | TSDR | LIVE |
| 74 | 87077848 | GCU | TSDR | LIVE |
| 75 | 87077810 | GCU | TSDR | LIVE |
| 76 | 87077806 | SPA VODKA | TSDR | LIVE |
| 77 | 87077698 | URBAN FUTSAL | TSDR | LIVE |
| 78 | 87077690 | URBAN PITCH | TSDR | LIVE |
| 79 | 87077630 | HURT AT SEA? GET GEE | TSDR | LIVE |
| 80 | 87077605 | CALIBER ONE MUSIC C1 CALIBER ONE MUSIC | TSDR | LIVE |
| 81 | 87077604 | DIGITALIS | TSDR | LIVE |

| 82 | 87077550 | KICKSTANDS | TSDR | LIVE |
|---|---|---|---|---|
| 83 | 87077522 | QUIET KIT | TSDR | LIVE |
| 84 | 87077496 | THE GARRISON AT STAFFORD | TSDR | LIVE |
| 85 | 87077484 | TRACK PRO AED SOLUTION PLUS | TSDR | LIVE |
| 86 | 87077471 | AIM AIM FIBER PRODUCTS | TSDR | LIVE |
| 87 | 87077468 | 1903 | TSDR | LIVE |
| 88 | 87077467 | THE GARRISON | TSDR | LIVE |
| 89 | 87077390 | ANIMAL CENTRAL URGENT CARE | TSDR | LIVE |
| 90 | 87077363 | MOMS ON THE MOVE | TSDR | LIVE |
| 91 | 87077360 | ALUMI-GUARD | TSDR | LIVE |
| 92 | 87077351 | PUPPY DOGS | TSDR | LIVE |
| 93 | 87077347 | GETHEALTHINSURANCE | TSDR | LIVE |
| 94 | 87077334 | ALUMI-GUARD | TSDR | LIVE |
| 95 | 87077291 | BARRETTE LOGISTICS | TSDR | LIVE |
| 96 | 87077225 | SWISS PREMIUM | TSDR | LIVE |
| 97 | 87077190 | THE BRIDGE BISTRO & GRILL REAL FRIENDS. REAL FOOD. | TSDR | LIVE |
| 98 | 87077008 | PARKER | TSDR | LIVE |
| 99 | 87076907 | HEALTH, PLUS CARE | TSDR | LIVE |
| 100 | 87059070 | COCKTAIL | TSDR | LIVE |

**COUNT ONE:**

**Copyright Infringements:**

**17 U.S.C. §§ 506(a)(2), 512(c)**

**and 18 U.S.C. 2319(c)(1)**

Plaintiff re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

By their actions above, Defendants have infringed Plaintiff's exclusive copyrights in, and relating to, the subject matter, either directly and/or indirectly, by failing to acknowledge the plaintiff electronic transactions with the defendants electronic agents and the failure to acquired legal authorization nor consent to obtain the plaintiff copyrighted works and use for financial gain to provide work and employment. Also the defendants failure to remove timely and expeditiously all modified, derivative copies extant on the network of computers owned and operated by Defendants during a period covering at least October 17, 1981, thru the current time and still continue to do so, inclusive, in violation of 17 U.S.C. 506(a)(1), and 512(c).


By consistently violating, reproducing and distributing copies of a copyrighted work all Defendants are liable for fines and penalties under the criminal statutes at 17 U.S.C. 506(a)(2) and (b) and 18 U.S.C. 2319(c)(1) and 2323(a)(1)(A)(B)(C) and (c).

Plaintiff is entitled to temporary injunctions during pendency of this action, and permanent injunctions thereafter, restraining all Defendants and all of their officers,

agents, employees, subscribers (both past and present), and all other persons (or Persons, as the case may be) in active concert or in participation with them, from engaging in any further such acts in violation of the copyright Laws of the United States, inclusive of all pertinent provisions in the U.S. Constitution, federal Statutes, Human Rights Treaties and the Declaration of Human Rights.

Under The Uniform Electronic Transactions Act (UETA) is one of the several United States Uniform Acts proposed by the National Conference of Commissioners on Uniform State Laws (NCCUSL) and according to section 2 of the U.E.T.A. Act the plaintiff electronic signature was adopted by the defendant(s) organization(s) for proof of service an electronic means by via electronic records and/or electronic transaction(s) in which constitutes as legal contracts pursuant to the 21 CFR Part 11 (March 20, 1997) and section 7 of the U.E.T.A. Act.

Plaintiff is further entitled to recover from all Defendants the actual damages that Plaintiff has sustained and will sustain, and any gains, gross profits, and advantages obtained by all Defendants, as a result of their joint and/or several acts of copyright infringement as properly alleged above.

At present, the amount of such damages, gains, gross profits, and advantages is estimated to the full amount of such damages cannot now be ascertained more accurately by Plaintiff without further discovery, and will require lawful jury determination.

No one ever obtained Plaintiff's permission to modify the subject material, and then to make modified derivatives available for its consumer(s).

No one.

Absolutely no one!

Using said modified, degenerate derivatives, Defendants' coordinated actions jointly and severally saturated the market for the subject material, to Plaintiff's obvious detriment, by effectively diluting to zero the real economic demand for authentic editions of the subject material.

Plaintiff is therefore entitled to mandatory restitution, in an amount to be proven at trial.

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.

 COUNT TWO:

   (a) PEONAGE:

   (b) 18 USC 1581(a)

   (c) 18 U.S.C 1581(b)


Plaintiff re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 18 U.S.C. 1595(a) and (b)(1), i.e. Peonage; obstructing enforcement.

Plaintiff alleges that His Rights in, and related to, the subject material are also fundamental Rights expressly secured and protected by the Constitution, Laws and Treaties of the United States.

Confer at "Fundamental law" in Black's Law Dictionary, Sixth Edition.  See also Chapter 10 in the electronic tenth edition.

The U.S. Constitution is expressly in force within the District of Columbia ("D.C."), all federal Territories and all 50 States.

See 16 Stat. 419, 426, § 34 (1871);  18 Stat. 325, 333, § 1891 (1873).

See also 1:8:8, the Human Rights Treaties, and 3:2:1 in pari materia with 6:2  (the federal Constitution, Laws and Treaties are all supreme Law of the Land).

Plaintiff further alleges that a complex criminal act(s) involving multiple Defendants, working in active concert and participation with each other, has induced severe financial hardship upon, and injured, oppressed, threatened, obstructed, and/or intimidated Plaintiff, since birth a Citizen of ONE OF the United States of America, in the free exercise and full enjoyment of His freedoms of expression, freedom of speech, Human Rights, His Petition Clause Rights, His Rights to just and favorable remuneration and to an adequate standard of living, and His exclusive Copyrights as secured by the Constitution, Laws and Treaties of the United States, and because He so exercised same, all in violation of 18 U.S.C. §§ 1581(a) and (b).

Under The Uniform Electronic Transactions Act (UETA) is one of the several United States Uniform Acts proposed by the National Conference of Commissioners on Uniform State Laws (NCCUSL) and according to section 2 of the U.E.T.A. Act the plaintiff electronic signature was adopted by the defendant(s) user(s) for proof of service an electronic means

by via electronic records and/or electronic transaction(s) in which constitutes as an egal contract( )pursuant to the 21 CFR Part 11 (March 20, 1997) and section 7 of the U.E.T.A. Act.

Defendants' misconduct constituted Peonage; obstructing enforcement under the United States law.

In connection with all matters and all things alleged herein, Defendants have been guilty of selling, oppression, actual and constructive fraud, and malice aforethought.

Plaintiff is therefore entitled to mandatory restitution, exemplary (punitive) damages, in an amount to be proven at trial.

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.

[Please continue next page.]

COUNT THREE:

Violations of Lanham Act § 43(a):

False Designations of Origin,

False and Misleading Descriptions of Fact, and

False and Misleading Representations of Fact,

Dilution by Tarnishment and violation of rights,

15 U.S.C. §§ 1117, 1125(a)(b) and (c) (uncodified)

Plaintiff re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 15 U.S.C. 1121 (not yet codified), 60 Stat. 440, 62 Stat. 907, 63 Stat. 107, 96 Stat. 46, 96 Stat. 1316, and 102 Stat. 3946.

By modifying the electronic text of the subject material with: arbitrary changes, arbitrary deletions, and the addition of Hyper Text Markup Language ("HTML"), and the addition of other extraneous text not found anywhere in the original text of the electronic material and/or editions, Defendants created and maintained unauthorized, modified derivatives that violated the fidelity requirement and thereby falsely designated the origin(s), falsely represented the fact, and falsely described the said employee(s) and/or User(s) as the sole Author, of said derivatives.

In so doing, Defendants' conduct was likely to mislead others, to cause confusion and mistake, and to deceive others, both on and off the Internet, the public and/or consumer(s) as to Defendants' affiliation(s), connection(s), and association(s) with Plaintiff, if any.

See 15 U.S.C. 1125(a)(1) (not yet codified).

Likewise, Defendants' conduct was likely to mislead others, to cause confusion and mistake, and to deceive others, both on and off the Internet, the public, the consumer(s) as to the origin, sponsorship, and approval of Plaintiff's goods, services, and commercial activities, if any.

Again, see 15 U.S.C. 1125(a)(1) (not yet codified).

By placing and using said derivatives on the Internet, by installing and maintaining active hyper‐text links to same (i.e. HTML HREF anchors), and by failing to remove said derivatives and links after receipt of repeated NOTICES AND DEMANDS from Plaintiff, Defendants thereby falsely designated the origin(s) of said derivatives, falsely represented the fact of said derivatives, and falsely described employee(s) and/or user(s) as the sole Author responsible for authorizing the publication and maintaining the availability of said derivatives.

Plaintiff alleges that each discrete act by any or all Defendants thus: falsely designating the origin(s) of said derivatives, misleading others by falsely representing the fact of said derivatives, misleading others by falsely describing employee(s) and/or user(s) as the sole Author of said derivatives, and copying or linking to same via the Internet or any other medium, constitutes a separate and distinct violation of the Lanham Act, section 43(a), uncodified at 15 U.S.C. 1125(a), 60 Stat. 441, 102 Stat. 3946.

Plaintiff also alleges that each discrete act by any or all Defendants thus: Dilution by Tarnishment and violation of rights by all defendants who tarnish the "Famous mark," by giving credit to their own Founders, directors, officers, agents, servants, subcontracted, professional employees and/or anybody else who is affiliated, partnered and/or a shareowner with the said alleged defendants and referring to the Plaintiff by electronic transaction or electronically broadcasting live on air or pre-recorded during any form of digital media as any other person and/or animal besides his Birth name and/or Famous mark in which is a violation at 15 U.S.C. 1125(c).

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.

[Please continue next page.]

COUNT FOUR:

(a) Deprivations of Fundamental and Civil Rights, also conspiracy against rights

18 U.S.C. 241, 242; 246 nd,

Plaintiff re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 28 U.S.C. 1331 (federal question) and 18 U.S.C. 3231 (DCUS criminal jurisdiction).

Moreover, there is extraterritorial Federal jurisdiction under 18 U.S.C. §§ 1512(g) and 1513(d).

Plaintiff alleges that His Rights in, and related to, the subject matter are also fundamental and Civil Rights expressly secured and protected by the Constitution, Laws and Treaties of the United States.

Confer at "Fundamental law" in Black's Law Dictionary, Sixth Edition.  See also Chapter 10 in the electronic tenth edition.

The U.S. Constitution is expressly in force within the District of Columbia ("D.C."), all federal Territories and all 50 States.

See 16 Stat. 419, 426, § 34 (1871); 18 Stat. 325, 333, § 1891 (1873).

See also 1:8:8, the Human Rights Treaties, and 3:2:1 in pari materia with 6:2 (the federal Constitution, Laws and Treaties are all supreme Law of the Land).

[B] Plaintiff alleges that Defendants have severally violated Articles 4(2), 19, 23(1)-(3), 25(1) and 27(2) in the Declaration, and Articles 14(3)(e), 19(1) and (2), 25 and 26 in the Covenant, both rendered supreme Law by the Supremacy Clause in the U.S. Constitution.

Plaintiff further alleges that Defendants have induced severe financial hardship upon, and injured, oppressed, threatened, obstructed, and/or intimidated the Plaintiff, since birth a Citizen of ONE OF the United States of America, in the free exercise and full enjoyment of His freedoms of expression, His Petition Clause Rights, His Rights to just and favorable remuneration and to an adequate standard of living, and His exclusive Copyrights as secured by the Constitution, Laws and Treaties of the United States, and because He so exercised same, in violation of 18 U.S.C. §§ 242, 1512 and 1513.

Plaintiff further alleges that each discrete act by any or all Defendants, thus inducing financial hardship and willfully depriving the Plaintiff of the free exercise and full enjoyment of His fundamental Rights enumerated supra, constitutes a separate and distinct violation of 18 U.S.C. 242 (deprivation of Rights under color of law).

Plaintiff further alleges that each discrete act by any or all Defendants caused financial hardship,  serious harm and/or injury in which the defendants willfully deprived the Plaintiff of his will to his just compensation and/or monetary funds in which will constitutes a violation at 18 U.S.C. 246(Deprivation of relief benefits)

Plaintiff further alleges that each discrete act by any or all defendants conspired against the Plaintiff rights under the U.S. Constitution, Bill of Rights and the Civil Rights Act of 1964 for the entire duration that the Plaintiff electronically transacted business with the defendants in which constitute a violation at 18 U.S.C. 241(Conspiracy Against Rights), and The First and Fourteen Amendment(Bill of Rights).

See also 18 U.S.C. 1512, 1513, and related COUNT FOUR infra.

[C]  Plaintiff hereby reserves His fundamental Right to petition this Court for leave, as a qualified Private Author of the U.S. Attorney General, to prosecute criminally this and other Counts against all Defendants to which they are applicable, after formal discovery reveals the full extent of the violation(s) alleged herein and after civil verdicts and final judgments are reached.

[D]  See: 17 U.S.C. 506(a)(2), as amended Dec. 16, 1997, P.L. 105-147, § 2(b), 111 Stat. 2678; 18 U.S.C. 2319(c)(1), as amended Oct. 28, 1992, P.L. 102-561, § 1, 106 Stat. 4233 & Nov. 13, 1997, P.L. 105-80, § 12(b)(2), 111 Stat. 1536 & Dec. 16, 1997, P.L. 105-147, § 2(d), 111 Stat. 2678; and 18 U.S.C. 1512, 1513 as amended;  and legislative histories of same, for the intent of Congress.

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.


COUNT FIVE:

(a) Criminal Conspiracy,

18 U.S.C. §§ 241, 371;

Plaintiff re‑alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 28 U.S.C. 1331 (federal question) and 18 U.S.C. 3231 (DCUS criminal jurisdiction).

Moreover, there is extraterritorial Federal jurisdiction under 18 U.S.C. §§ 1512(g) and 1513(d).

Plaintiff alleges that His Rights in, and related to, the subject material are also fundamental Rights expressly secured and protected by the Constitution, Laws and Treaties of the United States.

Confer at "Fundamental law" in Black's Law Dictionary, Sixth Edition.  See also Chapter 10 in the electronic tenth edition.

The U.S. Constitution is expressly in force within the District of Columbia ("D.C."), all federal Territories and all 50 States.

See 16 Stat. 419, 426, § 34 (1871);  18 Stat. 325, 333, § 1891 (1873).

See also 1:8:8, the Human Rights Treaties, and 3:2:1 in pari materia with 6:2  (the federal Constitution, Laws and Treaties are all supreme Law of the Land).

Plaintiff further alleges that a complex criminal conspiracy involving multiple Defendants, working in active concert and participation with each other, has induced severe financial hardship upon, and injured, oppressed, threatened, obstructed, and/or intimidated Plaintiff, since birth a Citizen of ONE OF the United States of America, in the free exercise and full enjoyment of His freedoms of expression, His Petition Clause Rights, His Rights to just and favorable remuneration and to an adequate standard of living, and His exclusive Copyrights as secured by the Constitution, Laws and Treaties of the United States, and because He so exercised same, all in violation of 18 U.S.C. §§ 241, 371, 1512 and 1513.

Plaintiff incorporates by reference Paragraphs [B], [C] and [D] under COUNT THREE supra, as if set forth fully herein.  (See Pages 31 and 32 above.)

Plaintiff further alleges that the Human Rights Treaties cited above are likewise the supreme Law of the Land, under the Supremacy Clause at 6:2.

Under 18 U.S.C. 241, Congress can provide punishment for their infraction on the deprivation of, or injury to, Rights secured by Treaties, as in the case of ordinary law.

See Re Grand Jury, 26 F. 749 (D.C. Or., 1886).  See also 18 U.S.C. 242 supra.

Moreover, Plaintiff alleges, and hereby formally offers to prove, that Treaties supersede all State constitutions and laws, insofar as conflicts may arise between Treaties and the latter.

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.

COUNT SIX:

Unfair Competition under Washington, District of Columbia Law:

Washington, District Of Columbia Business and Professions Code,

Sections 17200 et seq.

Plaintiff re‑alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 28 U.S.C. 1338(b), i.e. unfair competition.

Defendants' misconduct constituted unfair competition under Washington, District Of Columbia law.

In connection with all matters and all things alleged herein, Defendants have been guilty of oppression, actual and constructive fraud, and malice aforethought.

Plaintiff is therefore entitled to mandatory restitution, exemplary (punitive) damages, in an amount to be proven at trial.

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.

COUNT SEVEN:

(a)     **BENITFITTING FINACIALLY FROM PEONAGE, SLAVERY AND TRAFFICKING IN PERSONS:**

(b)     **18 USC 1593A**


Plaintiff re‑alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 18 U.S.C. 1595(a) and (b)(1), i.e. Benefitting financially from peonage, slavery, and trafficking in persons

That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from associating with any CRIMINAL enterprise of persons, or of other individuals associated in fact, who do engage in, or whose activities do affect, interstate and foreign commerce.

That all Defendants be required to account for all gains, profits, and advantages derived from their violation(s) of 18 U.S.C. 1593A and from all other violation(s) of applicable State and federal law(s).

That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1593A, according to the best available proof.

That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(c) supra and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic], for the benefit of Plaintiff, His heirs and assigns.

Plaintiff is therefore entitled to mandatory restitution, exemplary (punitive) damages, in an amount to be proven at trial.

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.

**COUNT EIGHT:**

(a)     **FORTFEITURE, DESTRUCTION AND RESTITUTION:**

(b)     **18 USC 2323(a)(1)**

(c)     **18 U.S.C. 2323(A)**

(d)     **18 U.S.C. 2323(C)**

Plaintiff re‑alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 18 U.S.C. 3231, i.e. **FORTFEITURE, DESTRUCTION AND RESTITUTION.**

By their actions above, Defendants, directors, officers, employees, agents, servants and/or subcontracted have infringed Plaintiff's exclusive copyrights in, and relating to, the subject matter, either directly and/or indirectly, and expeditiously all modified, derivative copies extant on the network of computers owned and operated by Defendant(s) during a period covering at least October 17, 1981, thru the current time and still continue to do so, inclusive, in violation of 17 U.S.C. 506(a)(1).

By consistently violating a copyrighted work all Defendants are liable for fines and penalties under the criminal statutes at 17 U.S.C. 506(a)(1), 18 U.S.C. 2319(c)(1) and 18 U.S.C. 2323(b)(1) and (c).

At present, the amount of such damages, gains, profits, and advantages is estimated to the full amount of such damages cannot now be ascertained more accurately by Plaintiff without further discovery, and will require lawful jury determination.

No one ever obtained Plaintiff's permission to modify the subject material, and then to make modified derivatives available for its consumer(s), officers, agents, directors, professional employees and/or subcontracted.

 No one.

Absolutely no one!

Plaintiff is therefore entitled to Forfeiture of property, Destruction of articles and mandatory restitution in an amount to be proven at trial.

Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.

**COUNT NINE:**

**(a)     INTERCEPTION AND DISCLOUSURE OF WIRE, ORAL OR ELECTRONIC COMMUNICATIONS PROHIBITED:**

**(b)     18 USC 2511(1)(a)**

**(c)     18 U.S.C. 2511(b)(i)(iii)(iv)**

**(d)     18 U.S.C. 2511(4)(b)(i)**

**(e)     18 U.S.C. 2511**


Plaintiff re‑alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

This Court has original jurisdiction over this COUNT under 18 U.S.C. 2520(a), i.e. **INTERCEPTION AND DISCLOUSURE OF WIRE, ORAL OR ELECTRONIC COMMUNICATIONS PROHIBITED.**

No one ever obtained Plaintiff's permission to intercept communication(s), and then to distribute the device to intercept communication(s) in which was made available for its consumer(s), officers, agents, directors, professional employees and/or subcontracted.

No one ever obtained Plaintiff permission to intercept communication(s) and use those communications for commercial or private gains for the defendant(s) pursuant to section 101 of the Foreign Intelligence Surveillance Act of 1978.

**NO ONE!**

**ABSOLUTELY NO ONE!**

**Plaintiff is therefore entitled to mandatory restitution, equitable, exemplary (punitive) damages, and victim losses in an amount to be proven at trial.**

**Plaintiff now has no other plain, speedy and adequate remedy available in the ordinary course of law.**

**[Please continue next page.]**

**RELIEF REQUESTED**

*Wherefore*, **Plaintiff requests judgment against all named Defendants as follows:**

**ON COUNT ONE:**

**1.   That this Court find that all Defendants, both jointly and severally, have infringed Plaintiff's exclusive copyrights in the subject material.**

**2.   That all Defendants, and all of their directors, officers, employees, agents, servants, subscribers, and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from directly or indirectly infringing Plaintiff's exclusive copyrights in the subject material, or continuing to market, offer, sell, dispose of, license, lease, host, store, transfer, modify,**

display, advertise, reproduce, develop, or manufacture any works derived or copied from the subject material, or to participate or assist in any such activity.

3.   That all Defendants, and all of their directors, officers, employees, agents, servants, subcontracted, subscribers, and all other persons in active concert or in participation with them, be ordered to return to Plaintiff any and all originals, copies, derivatives, facsimiles, or duplicates of the subject material in their possession, custody, or control.

4.   That all Defendants, and all their directors, officers, employees, agents, servants, subcontracted, subscribers, and all other persons in active concert or in participation with them, be ordered to recall from all subscribers, advertisers, distributors, wholesalers, jobbers, dealers, retailers, users, and all others known to Defendants, any and all originals, copies, derivatives, facsimiles, or duplicates of any works shown by the evidence to infringe Plaintiff's exclusive copyrights in the subject material.

5.   That all Defendants, and all their directors, officers, employees, agents, servants, subcontracted, subscribers, and all other persons in active concert or in participation with them, be ordered to deliver upon oath, to be impounded during pendency of this action, and destroyed pursuant to judgment herein, any and all originals, copies, derivatives, facsimiles, or duplicates of any work shown by the evidence to infringe Plaintiff's exclusive copyrights in the subject material.

6.   That all Defendant ISP's be ordered to debit electronically a one-time fee of $25.00 against the credit card accounts of all subscribers, both past and present, who are shown by proof to have obtained *any part*of the subject material, or any of its derivative files as well as programs, from Defendants' network of computers.

7.     That all Defendants be required to file with the Court and to serve upon Plaintiff, within 90 days after service of the Court's ORDER(s) as herein requested, separate reports in writing under oath, setting forth in detail the manner and form in which all Defendants have complied with the Court's ORDER(s).

8.   That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, according to the best available proof, and for any gains, profits, or advantages attributable to all infringements of Plaintiff's exclusive copyrights in the subject material, according to the best available proof.

9.   That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of criminal copyright infringement and from all other violation(s) of applicable law(s).

10.  That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of criminal copyright infringement and from all other violation(s) of applicable law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

11.   That Plaintiff have such other and further relief as the Court deems just and proper, under the circumstances.

[Please continue next page.]

COUNT TWO:

1.       That this Court liberally construe the PEONAGE and Obstructing Enforcement laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, an Organized Criminal enterprise engaged in a pattern of racketeering and other activity all in violation of 18 U.S.C. §§ 1581(a) and (b), 1594(g), 1961(5), 1962(b) and (d) supra.

2.       That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO enterprise through a pattern of racketeering activity all in violation of 18 U.S.C. §§ 1581(a) and (b), 1594(g), 1961(5), 1962(c) and (d) supra.

3.       That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO enterprise that engages in a pattern of racketeering activity all in violation of 18 U.S.C. §§ 1594(g), 1961(5), 1962(b) and (d) supra.

4.       That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1594(g), 1961(5), 1962(c) and (d) supra.

5.   That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT TWO supra.

6.   That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s).

7.   That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

8.   That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

9.   That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

10.  That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11.  That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic], for the benefit of Plaintiff, His heirs and assigns.

12.  That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

[Please continue next page.]

ON COUNT THREE:

1.  That this Court find that all Defendants, both jointly and severally, have falsely designated the origin(s), falsely represented the fact, and falsely described Plaintiff as the sole corporate Author, of all modified derivatives of the subject material.

2.  That all Defendants, their directors, officers, employees, agents, servants, subscribers, and all persons in active concert or in participation with them, be enjoined preliminarily during pendency of this action, and permanently thereafter, from falsely designating the origin(s), from falsely representing the fact, and from falsely describing Plaintiff as the sole

corporate Author, of all modified derivatives of the subject material and of all their

component files, and from installing hyper-text links to any such derivatives of the subject

material anywhere on the Internet World Wide Web, or anywhere else.


3. That the defendant Keith Rupert Murdoch pays the Plaintiff any gain profits, the said

defendant actually gain and Court costs, also attorney fees in which all derived from using

the Plaintiff "Famous Mark," falsely and intentionally, in which also violated the Plaintiff

rights under the authority of 15 U.S.C. 1117(a)


4.   That all Defendants pay to Plaintiff treble (triple) damages, under 15 U.S.C.

1117 (see Statutes at Large*supra*), for their intentional, willful and false designations of the

origin(s), for their intentional, willful, false and misleading representations of the fact, and

for their intentional, willful, false and misleading descriptions of Plaintiff as the sole

corporate Author, of all modified derivatives of the subject material.


5.   That all Defendants pay to Plaintiff His costs of suit incurred herein, including all

necessary research, all non-judicial enforcement, and all reasonable counsel's fees, at a

minimum of $75.00 per hour worked (Plaintiff's standard professional rate during the

period in question).

6.    That all Defendant ISP's be ordered to debit electronically an *additional* one-time fee of $75.00 (3X) against the credit card accounts of all subscribers, both past and present, who are shown by proof to have obtained *any* modified or derivative copies of the subject material or any of their component files as well as programs, from Defendants' network of computers.

7.    That all Defendants be required to account for all gains, profits, and advantages derived from their creation, publication(s), and maintenance of modified or derivative copies of the subject material, and from all other violation(s) of applicable law(s).

8.   That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their creation, publication(s), and maintenance of all modified derivatives of the subject material, and from all other violation(s) of applicable law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

9.    That Plaintiff have such other and further relief as the Court deems just and proper, under the circumstances.

[Please continue next page.]

ON COUNTS FOUR, FIVE, SIX:

1.   That this Court find that all Defendants, both jointly and severally, have competed unfairly against Plaintiff, infringed Plaintiff's fundamental and civil Rights, conspired to infringe Plaintiff's fundamental and civil Rights, Deprivation of relief benefits, retaliated against Plaintiff for His verified testimony in federal and State courts, and thereby rendered Plaintiff a victim of said torts.

2.   That all Defendants be enjoined preliminarily during pendency of this action, and permanently thereafter, from any and all acts of unfair competition, deprivation of Plaintiff's fundamental and civil Rights, conspiracy to deprive Plaintiff's fundamental and civil Rights..

3.   That all Defendants pay to Plaintiff actual damages in an amount to be proven.

4.   That all Defendants pay to Plaintiff the damages sustained by Plaintiff in consequence of Defendants' misconduct, in an amount to be proven.

5.   That all Defendants pay to Plaintiff exemplary and punitive damages, as the case may be, for their intentional and willful misconduct, in an amount to be determined by jury verdict(s).

6.  That all Defendants pay to Plaintiff His costs of suit incurred herein, including all necessary research, all non-judicial enforcement, and all reasonable counsel's fees, at a minimum of $75.00 per hour worked (Plaintiff's standard professional rate during the period in question).

7.  That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from all violation(s) of applicable law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [*sic*], for the benefit of Plaintiff, His heirs and assigns.

8.  That Plaintiff have such other and further relief as the Court deems just and proper, under the circumstances.

COUNT SEVEN:

1.      That this Court liberally construe the BENITFITTING FINACIALLY FROM PEONAGE, SLAVERY AND TRAFFICKING IN PERSONS laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, an Organized Criminal enterprise engaged in a pattern of racketeering and other activity all in violation of 18 U.S.C. §§ 1593A, 1594(g), 1961(5), 1962(b) and (d) supra.

2.      That this Court liberally construe the RICO laws and thereby find that all Defendants have conspired to conduct and participate in said RICO enterprise through a

pattern of racketeering activity all in violation of 18 U.S.C. §§ 1593A, 1594(g), 1961(5), 1962(c) and (d) supra.


3.      That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to acquire or maintain an interest in, or control of, any RICO enterprise that engages in a pattern of racketeering activity all in violation of 18 U.S.C. §§ 1593A, 1594(g), 1961(5), 1962(b) and (d) supra.


4.      That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1593A, 1594(g), 1961(5), 1962(c) and (d) supra.


5.   That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT SEVEN supra.

6.  That all Defendants be required to account for all gains, profits, and advantages

derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and

from all other violation(s) of applicable State and federal law(s).


7.  That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual

damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C.

1962(d) supra, according to the best available proof.


8.  That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18

U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18

U.S.C. 1962(d) supra, according to the best available proof.


9.  That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of

Defendants' several violations of 18 U.S.C. 1962(d) supra, according to the best available

proof.


10.  That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including,

but not limited to, all necessary research, all non‑judicial enforcement, and all reasonable

counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11.  That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic], for the benefit of Plaintiff, His heirs and assigns.

12.  That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

COUNT EIGHT:

1.        That this Court liberally construe the FORTFEITURE, DESTRUCTION AND RESTITUTION laws and thereby find that all Defendants have conspired to acquire and maintain an interest in, and/or conspired to acquire and maintain control of, an Organized Criminal enterprise engaged in a pattern of racketeering and other activity all in violation of 18 U.S.C. §§ 1594(g), 1961(5), 1962(b) and (d), 2323(a)(1)(A) and (C) supra.

2.        That this Court liberally construe the FORTFEITURE, DESTRUCTION AND
RESTITUTION laws and thereby find that all Defendants have conspired to conduct and
participate in said RICO enterprise through a pattern of racketeering activity all in
violation of 18 U.S.C. §§ 1594(g), 1961(5), 1962(c) and (d), 2323(a)(1)(A) and (C) supra.

3.        That all Defendants and all their directors, officers, employees, agents, servants
and all other persons in active concert or in participation with them, be enjoined
temporarily during pendency of this action, and permanently thereafter, from conspiring
to acquire or maintain an interest in, or control of, any RICO enterprise that engages in a
pattern of racketeering activity all in violation of 18 U.S.C. §§ 1594(g), 1961(5), 1962(b) and
(d), 2323(a)(1)(A) and (C) supra.

4.        That all Defendants and all their directors, officers, employees, agents, servants
and all other persons in active concert or in participation with them, be enjoined
temporarily during pendency of this action, and permanently thereafter, from conspiring
to conduct, participate in, or benefit in any manner from any RICO enterprise through a
pattern of racketeering activity in violation of 18 U.S.C. §§ 1594(g), 1961(5), 1962(c) and
(d), 2323(a)(1)(A) and (C) supra.

5.  That all Defendants and all their directors, officers, employees, agents, servants and all
other persons in active concert or in participation with them, be enjoined temporarily

during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT EIGHT supra.

6.   That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s).

7.   That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

8.   That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

9.   That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

10.  That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non‑judicial enforcement, and all reasonable counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional rate at start of this action).

11.  That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic], for the benefit of Plaintiff, His heirs and assigns.

12. That all articles, computer programs, real property, proprietary rights,  and/or misc. property in conjunction with the Plaintiff that all Defendants in violation at 2323(a)(1)(A) and (C) who are in possession convey, transfer ownership and convert all forms of property in the Plaintiff BIRTH NAME.

13. That all actual damages caused by the Defendants pay to the Plaintiff the full value of the victim losses.

14.  That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

COUNT NINE:

1.        That this Court liberally construe the INTERCEPTION AND DISCLOUSURE

OF WIRE, ORAL OR ELECTRONIC COMMUNICATIONS PROHIBITED laws and

thereby find that all Defendants have conspired to acquire and maintain an interest in,

and/or conspired to acquire and maintain control of, an Organized Criminal enterprise

engaged in a pattern of racketeering and other activity all in violation of 18 U.S.C. §§ 18

USC 1594(g), 1961(5), 1962(b) and (d), 2511(1)(a)(b)(i)(iii)(iv) and (4)(b)(i),  supra.


2.        That this Court liberally construe the INTERCEPTION AND DISCLOUSURE

OF WIRE, ORAL OR ELECTRONIC COMMUNICATIONS PROHIBITED laws and

thereby find that all Defendants have conspired to conduct and participate in said

Organized Criminal enterprise through a pattern of racketeering activity all in violation of

18 U.S.C. §§ 1594(g), 1961(5), 1962(c) and (d),  2511(1)(a)(b)(i)(iii)(iv) and (4)(b)(i), supra.


3.        That all Defendants and all their directors, officers, employees, agents, servants

and all other persons in active concert or in participation with them, be enjoined

temporarily during pendency of this action, and permanently thereafter, from conspiring

to acquire or maintain an interest in, or control of, any RICO enterprise that engages in a

pattern of racketeering and other criminal activity all in violation of 18 U.S.C. §§ 1594(g),

1961(5), 1962(b) and (d),  2511(1)(a)(b)(i)(iii)(iv) and (4)(b)(i), supra.

4.      That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from conspiring to conduct, participate in, or benefit in any manner from any RICO enterprise through a pattern of racketeering and other criminal activity in violation of 18 U.S.C. §§ 1594(g), 1961(5), 1962(c) and (d), 2511(1)(a)(b)(i)(iii)(iv) and (4)(b)(i),  supra.

5.   That all Defendants and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT NINE supra.

6.   That all Defendants be required to account for all gains, profits, and advantages derived from their several acts of racketeering in violation of 18 U.S.C. 1962(d) supra and from all other violation(s) of applicable State and federal law(s).

7.   That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(d) supra, according to the best available proof.

8.  That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18

U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18

U.S.C. 1962(d) supra, according to the best available proof.


9.  That all Defendants pay to Plaintiff all damages sustained by Plaintiff in consequence of

Defendants' several violations of 18 U.S.C. 1962(d) supra, according to the best available

proof.


10.  That all Defendants pay to Plaintiff His costs of the lawsuit incurred herein including,

but not limited to, all necessary research, all non‑judicial enforcement, and all reasonable

counsel's fees, at a minimum of $150.00 per hour worked (Plaintiff's standard professional

rate at start of this action).


11.  That all damages caused by all Defendants, and all gains, profits, and advantages

derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C.

1962(d) supra and from all other violation(s) of applicable State and federal law(s), be

deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic],

for the benefit of Plaintiff, His heirs and assigns.

12.  **That Plaintiff have such other and further relief as this Court deems just and proper,
under the full range of relevant circumstances which have occasioned the instant action.**

*George Osborn III*

29, JUNE 2016

June 29th, 2016

Mr. George Lee Odemns III

Electronic Author

68 Galveston St. S.W. #102

Washington DC 20032

Mailing Address:

P.O. Box 73495

Washington, DC 20056

Dear Clerk of the Court:

U.S. Court for the District of Columbia

I don't know who will be the Judge mediating the case for lack of a case number with regards to the outlining issue can you forward this letter to the Chambers of the Honorable Judge.

A Petition was filed Friday 29th June 2016 against the Trump Organization Et al., in the institution of a Quasi Criminal Proceeding which included some alleged racketeering violation(s) and under the United States Code 18 U.S.C. 1968(j) the court so have the power to order and/or grant such provision of that section.

The alleged victim Mr. George Lee Odemns III would like such provisional rules executed to the full extent of the court granted power to do so.

**RECEIVED**

JUN 2 8 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Under the same United States Code 18 U.S.C. 1968(j) can the court so order a Civil Investigative Demand on the said defendants and their property to also include any computer program(s), Electronic Agent(s) and/or data to aide in the plaintiff electronic work, any electronic and/or mechanical device use to intercept communications from the plaintiff, Any unsigned electronic contracts of the plaintiff, all satellite transaction(s) of the Plaintiff

With regards,